UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TYLER CANNON** | **CIVIL ACTION** |
| **VERSUS** | **NO: 24-2144** |
| **SOCIAL SECURITY ADMINISTRATION** | **SECTION: "J" (4)** |

**REPORT AND RECOMMENDATION**

**I.    Introduction**

The claimant, Tyler Cannon ("Cannon"), seeks judicial review pursuant to **Title 42 U.S.C. § 405 (g)** of the final decision of the Commissioner of Social Security. The matter was referred to the undersigned United States Magistrate Judge pursuant to **Title 28 U.S.C. § 636(b)** and Local Rule 19.02E(b), for the submission of Proposed Findings and Recommendations.

**II.    Facts and Background**

Cannon filed an application for Disability Insurance Benefits and Title II application for a Period of Disability on February 14, 2022, claiming the onset of a disability as of August 13, 2021. R. Doc. 6 at 75, Tr. 71. Cannon claimed disability due to PTSD, ADHD, Bipolar Disorder, Generalized Anxiety Disorder, Major Depressive Disorder, Plantar Fasciitis, gout, arthritis/spine impairment, and obesity. *Id*. at 22, Tr. 18. Cannon was thirty-nine (39) years and ten (10) months old at the time he filed the subject application and was defined as a "younger individual" according to the regulations. *Id*. at 75, Tr. 71.

Cannon's application was denied at the initial level, and he filed a timely request for reconsideration. R. Doc. 6 at 34, Tr. 30. On February 7, 2024, a hearing was held before

Administrative Law Judge ("ALJ") Holly Hansen. *Id*. at 20, Tr. 16. The ALJ found that Cannon met the insured status requirements through December 31, 2024. *Id*. at 22, Tr. 18.

The ALJ found that Cannon has not engaged in substantial gainful activity since August 13, 2021, the alleged onset date. R. Doc. 6 at 22, Finding 2, Tr.18. The ALJ further found that Cannon had severe impairments consisting of post-traumatic stress disorder, general anxiety disorder, major depressive disorder, attention deficit hyperactivity disorder, plantar fasciitis, gout, arthritis/spine impairment, and obesity. *Id.*, Finding 3, Tr. 18. However, the ALJ further found that Cannon does not have an impairment or combination of impairments that meet or medically equals the severity of one of the listed impairments under 20 CFR Part 404, Subpart P, Appendix 1. *Id.*, Finding 4, Tr. 19-21.

The ALJ found that Cannon is unable to perform any past relevant work as a game attendant or handyman. R. Doc. 6 at 31, Finding 6, Tr. 27. The ALJ further found that Cannon had the residual functional capacity to perform a sedentary range of work, that he can occasionally climb ramps and stairs, and that he can carry out detailed but not complex tasks in a routine work setting with occasional interaction with co-workers, supervisors, and the public. R. Doc. 5 at 26-31, Finding 5, Tr. 22-27. The ALJ also found that Cannon can never operate bilateral foot controls or climb ladders, ropes, or scaffolds. *Id.* The ALJ found that Cannon was born on September 28, 1981, and was 39 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date. *Id.* at 31, Finding 7, Tr. 27.

The ALJ found that transferability of jobs skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled", whether or not the claimant has transferrable job skills. R. Doc. 6 at 31,

Finding 9, Tr. 27. Finally, the ALJ found that there are a significant number of jobs in the national economy that Cannon could perform at his age, education, work experience, and residual functional capacity. *Id*. at 31-32, Finding 10, Tr. 27-28. The ALJ noted that the vocational expert concluded that Cannon could work as an assembler, inspector, and sorter. *Id*. The ALJ also found that Cannon has not been under a disability from August 13, 2021, through the date of decision, May 2, 2024. *Id.* at 32, Finding 11, Tr. 28.

The Appeals Council denied Canon's request for review on July 22, 2024. R. Doc. 6 at 5-9, Tr. 1-5. On August 30, 2024, Cannon filed the subject matter seeking a judicial review of the denial of his claim. R. Doc. 1.

On review, Cannon seeks a reversal of the ALJ's decision. R. Doc. 7 at 4. First, Cannon contends that the ALJ failed to fulfill her heightened duty to an unrepresented claimant. *Id.* Second, Cannon contends that the ALJ failed to satisfy her *Schofield v. Saul* inquisitorial duty and failed to properly evaluate and analyze his ability to sustain employment in the competitive labor market. *Id.* Third, Cannon contends that the ALJ's decision is not supported by substantial evidence. *Id*.

### III.   Standard of Review

The role of the Court on judicial review under Title 42 U.S.C. § 405(g) is limited to determining whether: (1) the final decision is supported by substantial evidence; and (2) whether the Commissioner used the proper legal standards to evaluate the evidence. See *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). The Court may not re-weigh the evidence, try issues *de novo,* or substitute its judgment for that of the Secretary. *Brown,* 192 F.3d at 496. If supported by substantial evidence, the Secretary's findings are conclusive and must be affirmed. *Richardson v.*

*Perales*, 402 U.S. 389, 390 (1971). See also *Wilkinson v. Schweiker*, 640 F.2d 743, 744 (5th Cir. 1981) (citations omitted).

"Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion." *See Ripley v. Chater,* 67 F.3d 552, 555 (5th Cir. 1995) (citations omitted). "It is more than a mere scintilla and less than a preponderance." *Ripley,* 67 F.3d at 555 (citations omitted)*.* It must do more than create a suspicion of the existence of the fact to be established, but no "substantial evidence" will be found when there is only a "conspicuous absence of credib[le] choices" or no contrary medical evidence. *Payne v. Weinberger*, 480 F.2d 1006, 1007 (5th Cir. 1973); *Hemphill v. Weinberger*, 483 F.2d 1137, 1138 (5th Cir. 1973).

A single piece of evidence will not satisfy the substantiality test if the ALJ ignores or fails to resolve a conflict created by countervailing evidence. *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983). Evidence is not substantial if it is overwhelmed by other evidence, particularly evidence that offered by treating physicians. *Kent,* 710 F.2d at 114*.*

### IV.    Analysis

#### A.    Underdeveloped record

Cannon contends that remand is required because the record is underdeveloped regarding his military service and domestic history. R. Doc. 7 at 6. Cannon contends that the ALJ should have inquired substantially more into these circumstances. *Id.*

The Commissioner contends that the ALJ properly developed the record. R. Doc. 12 at 3-4. The Commissioner contends that the ALJ listened to testimony regarding Cannon's medical, educational, social, and employment history. *Id.*

Regarding Cannon's first argument, it is well established that the ALJ owes a duty to a claimant to develop the record fully and fairly to ensure that their decision is an informed decision based on sufficient facts. *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir.1996). When a claimant is not represented by counsel, the ALJ owes a heightened duty to "scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts." *Brock*, 84 F.3d at 728 (citing *Kane v. Heckler,* 731 F.2d 1216, 1219 (5th Cir. 1984)). However, to merit reversal of the ALJ's decision, a claimant who does not validly waive his right to counsel must prove that he was thereby prejudiced. *Id.* at 729 n. 1; *Gullett v. Chater*, 973 F.Supp. 614, 621 (E.D. Tex. Mar. 20, 1997). Further, the ALJ's special duty to independently develop the record is triggered "only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). Finally, "[p]rejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Newton v. Apfel*, 209 F.3d 448, 458 (5th Cir. 2000) (citation omitted).

The record shows that the ALJ was aware that Cannon was a veteran and at the time of the hearing did not have his updated medical records since his last appointment, July 2023. R. Doc. 6 at 43-44, Tr. 39-40. It also shows that the ALJ advised Cannon that he would receive the medical records for review and that no decision will be forthcoming before a decision is reached. *Id.* The record shows that records after July 2023 were received and reviewed. *Id.*

The ALJ considered the medical records which described his military combat exposure that occurred in the Iraq war in 2003 where he was in infantry and stayed for six months as mentioned by Dr. Girishkumar Shah in his report. R. Doc. 6 at 869, Tr. 865. Additionally, the ALJ considered

5

the testimony of Cannon's wife, Marlene Campos Cannon. *Id.* at 31, Finding 5, Tr. 27. The ALJ also considered the medical records and the vocational expert's testimony. See e.g. *Id.* at 32, Finding 10, Tr. 28. See also *Id*. at 26-31, Finding 5, Tr. 22-27. Cannon does not present any evidence suggesting that the record considered by the ALJ is inadequate or that additional evidence of his military history would have led to a different decision. Therefore, the Court finds that the ALJ properly developed the record.

    B.   *Schofield v. Saul* **Duty**

Cannon contends that the ALJ failed to satisfy her *Schofield v. Saul* inquisitory duty. R. Doc. 7 at 6-7. Cannon contends that his failure to perform in the workplace in essentially "sheltered work" should be considered a counterpoint to the characterization of his difficulties as moderate. *Id*.

The Commissioner contends that Cannon's argument is without merit and that the ALJ more than adequately explained the reasoning behind her residual functional capacity determination. R. Doc. 12 at 5-7. The Commissioner contends that the ALJ's discussions show that she did not rely on any one factor exclusively or excessively but instead considered many factors. *Id.* Further the Commissioner contends that in the Fifth Circuit the ALJ is not required to articulate a separate and distinct finding that Cannon could maintain employment on a sustained basis. *Id.*

In *Schofield v. Saul*¸ the Fifth Circuit noted that SSA's mere-citation standard is not enough because the ALJ is the examiner "charged with…developing arguments both for and against granting benefits" 950 F.3d 315, 321 (5th Cir. 2020) (quoting *Delta Found., Inc. v. U.S.,* 303 F.3d 551,561 (5th Cir. 2022)). The Court noted that an ALJ is in a unique "inquisitorial" role which is

fulfilled when the record provides its reasoning not just its Bluebooking. *Schofield,* 950 F.3d at 321.

When making an RFC assessment, the ALJ should determine a claimant's capacity to perform sustained work-related physical and mental activities. *Myers v. Apfel*, 238 F.3d 617, 620–22 (5th Cir. 2001). An RFC determination is by definition a determination of an individual's maximum ability to perform sustained work for a forty-hour week. See SSR 96–8p, 1996 WL 374184 (S.S.A. Jul. 2, 1996); SSR 96-9p, 1996 WL 374185 (S.S.A. Jul. 2, 1996). However, the ALJ need not give subjective evidence precedence over medical evidence. *Laya v. Heckler*, 707 F.2d 211, 214 (5th Cir. 1983). An ALJ may discredit subjective complaints in light of contradictory medical reports or daily activities. *Griego v. Sullivan*, 940 F.2d 942, 944-45 (5th Cir. 1991).

The ALJ determined that Cannon had a moderate mental limitation based on the evidence of record. R. Doc. 6 at 29-30, Finding 5, Tr. 25-26. The ALJ further determined that Cannon can perform detailed but not complex tasks with occasional social interaction based on his longitudinal treatment record noting significant benefit from treatment with regard to his mental impairments. *Id.* The ALJ further found that Cannon has mainly benign mental status examination findings during visits with his medical providers. *Id.*

The ALJ also noted that while the state agency psychological consultant determined that Cannon would do best without changing demands or quotas, this finding was not fully consistent with the record. R. Doc. 6 at 30-31, Finding 5, Tr. 26-27. Instead, the ALJ found that Cannon's longitudinal treatment record notes that his mental impairments were stable with treatment, including an increased activity level and, as stated, his mental status exams were relatively benign

7

during treatment visits. *Id.* The ALJ also noted that she considered all of the underlying VA evidence in her decision. *Id.*

The ALJ noted that she also considered the statement and testimony of Cannon's wife, Marlene Campos Cannon, regarding his functioning. R. Doc. 6 at 31, Finding 5, Tr. 27. The ALJ noted that while the statement and testimony were fully considered, Ms. Cannon was not a medical professional. *Id.* Therefore, the ALJ determined that her statement had probative value but was not determinative. *Id.*

The Court therefore finds that the ALJ satisfied her inquisitorial role because she conducted a review of the record and provided a well- reasoned opinion. Therefore, Cannon's challenge based on the *Schofield v. Saul* duty fails and the opinion is based upon substantial evidence.

### C. Past Relevant Work / Non-Competitive Labor Market

Finaly, Cannon contends that he was not in the competitive labor market and invariably fired due to his performance and behavioral issues. R. Doc. 7 at 7-8. Cannon contends that he and his spouse's testimony support limitations that are incompatible with his ability to engage in sustained performance in the workplace. *Id.*

The Commissioner contends that the ALJ made a residual functional capacity determination that included all the limitations that the evidentiary record substantiated. R. Doc. 12 at 8. The Commissioner contends that given that the ALJ articulated hypothetical questions that reasonably incorporated the restrictions that she recognized, the ALJ properly relied on the vocational expert's testimony to deny Cannon's claim at Step 5. *Id.*

The ALJ determined that Cannon had past relevant work as a game attendant and handyman. R. Doc. 6 at 31, Finding 6, Tr. 27. The ALJ noted that these jobs were held long enough

for Cannon to achieve average performance with the relevant period. *Id.* The ALJ determined that based on the testimony of the vocational expert, Cannon could not perform his past relevant work as the demands of the past work exceed his residual functional capacity. *Id.*

The ALJ thereafter considered Cannon's age, education, work experience, and residual functional capacity in conjunction with the Medical-Vocational Guidelines and noted that his ability to work was affected by additional limitations. R. Doc. 6 at 32, Finding 10, Tr. 28. Thereafter the ALJ questioned the vocational expert about whether jobs exist in the national economy factoring in his limitations and residual functional capacity. *Id.* The Vocational Expert testified that there were jobs as an assembler, inspector, and sorter. *Id.* The ALJ determined that Cannon is therefore capable of making a successful adjustment to other work that exists in significant numbers in the economy. *Id*.

According to the Supreme Court, "the orderly functioning of the process of [substantial-evidence] review requires that the grounds upon which the administrative agency acted be clearly disclosed." *Schofield*, 950 F.3d at 320 (citations omitted). In conducting the "substantial evidence" inquiry, the Court considers whether the ALJ "analyzed all evidence" and "sufficiently explained the weight [they have] given to obviously probative exhibits[.]" *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439 (4th Cir. 1997). Under a substantial evidence standard of review, Cannon must do more than point to evidence in the record that supports his position; he must show the absence of substantial evidence supporting the ALJ's conclusion.

In this case, the ALJ's decision is based upon substantial evidence. Cannon suggests that because he could not keep a job within his family's business, he would not be able to keep a job in the competitive labor market. See R. Doc. 7 at 7-8. However, the evidence shows that the ALJ

9

considered all of Cannon's limitations and after inquiring of a vocational expert determined that there were jobs available in the competitive labor market that are consistent with his limitations. Cannon simply pointed to the fact that he previously worked for his family business rather than presenting evidence to illustrate that the ALJ's decision is lacking substantial evidence.

V.      **Conclusion**

Accordingly,

**IT IS RECOMMENDED** that the Administrative Law Judge's decision **be AFFIRMED.**

A party's failure to file written objections to the Proposed Findings, Conclusions, and Recommendation in a Magistrate Judge's Report and Recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court, provided that the party has been served with notice that such consequences will result from a failure to object. See *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 16th day of April 2025.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**